UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __24-60168-CR-DIMITROULEAS/HUNT__

18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1344
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)
18 U.S.C. § 981(a)(1)(C)

FILED BY ___AT___ D.C.

Aug 29, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

**CONRAD BRANDON BERNARD,**

   Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Conspiracy to Commit Access Device Fraud
### (18 U.S.C. § 1029(b)(2))

1.   From in or around July 2021 through in or about December 2022, in the Southern District of Florida and elsewhere, the defendant,

**CONRAD BRANDON BERNARD,**

did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to commit violations of Title 18, United States Code, Section 1029(a), namely, to: (a) to knowingly, and with intent to defraud, use one more unauthorized access devices, during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2); and (b) to knowingly,

and with intent to defraud, possess fifteen (15) or more unauthorized and counterfeit access devices, that is, names, dates of birth, social security numbers, driver's license numbers, and debit card numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## ACTS IN FURTHERANCE OF THE CONSPIRACY

2. In furtherance of the conspiracy, at least one of the conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following acts, among others:

a) On or about March 29, 2022, **CONRAD BRANDON BERNARD** purchased money orders used to lease a residence in Weston, Florida.

b) On or about May 13, 2022, **CONRAD BRANDON BERNARD** maintained in his possession the personal identification information of another person, that is, the name, date of birth, and social security number of victim J.B., without J.B.'s permission, knowledge, or authority.

c) On or about May 13, 2022, **CONRAD BRANDON BERNARD** maintained in his possession the personal identification information of another person, that is, the name, date of birth, and social security number of victim C.M., without C.M.'s permission, knowledge, or authority.

d) On or about May 13, 2022, **CONRAD BRANDON BERNARD** maintained in his possession fifteen (15) or more unauthorized access devices, that is, names, dates of birth, and social security numbers issued to other persons, without their permission or authority.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNTS 2-14
### Bank Fraud
### (18 U.S.C. § 1344)

3. TD Bank, N.A. ("TD Bank") was a financial institution with deposits insured by the Federal Deposit Insurance Corporation.

4. TD Bank allowed individuals to open bank accounts for the purpose of conducting banking activities such as making deposits, transferring funds, withdrawing funds, and using bank issued cards to withdraw funds.

5. Beginning at least as early as in or around November 2021, the exact date being unknown to the Grand Jury, through in or about December 2022, in the Southern District of Florida and elsewhere, the defendant,

**CONRAD BRANDON BERNARD,**

did knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to defraud a financial institution, that is, TD Bank, which scheme and artifice would employ a material falsehood, and to knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of said financial institution, by means of materially false and fraudulent pretenses, representations and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(1) and (2).

Purpose of the Scheme and Artifice

6. It was the purpose of the scheme and artifice for the defendant to defraud TD Bank for personal gain by using unauthorized TD Bank debit cards issued in the names of victim D.E. and victim U.S. to impersonate D.E. and U.S. for the purpose of withdrawing funds owned by or under the custody or control of T.D. Bank.

3

## The Scheme and Artifice

7. The defendant possessed the personal identification information of D.E., including D.E.'s name, date of birth, and social security number without the knowledge, authorization, or consent of D.E. The defendant possessed the personal identification of U.S., including U.S.' name, date of birth, and social security number without the knowledge, authorization, or consent of U.S.

8. The defendant also possessed a TD Bank debit card ending in 3854, which was in the name of D.E. TD Bank debit card ending in 3854 was able to withdraw funds from TD Bank account ending in 5429 and TD Bank account ending in 3737, both of which were in the name of D.E. D.E. did not authorize the use of his personal identification information to open or use TD Bank accounts ending in 5429 and 3727 or TD Bank debit card ending in 3854.

9. The defendant defrauded TD Bank by impersonating D.E. when using TD Bank debit card ending in 3854 to withdraw funds from TD Bank account ending in 5429 and TD Bank account ending in 3737.

10. The defendant also possessed a TD Bank debit card ending in 9603, which was in the name of U.S. TD Bank debit card ending in 9603 was able to withdraw funds from a TD Bank account ending in 9833, which also was in the name of U.S. U.S. did not authorize the use of his personal identification information to open or use TD Bank account ending in 9833 or TD Bank debit card ending in 9603

11. The defendant defrauded TD Bank by impersonating U.S. when using TD Bank debit card ending in 9603 to withdraw funds from TD Bank account ending in 9833.

## Execution of the Scheme and Artifice

12. On or about the dates listed as to each count below, the defendant did knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to defraud a financial institution, namely TD Bank, which scheme and artifice would employ a material falsehood, and did knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys, funds, credit assets, and other property owned by, and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises relating to a material fact, as specified below:

| Count | Approximate Transaction Date | Transaction | Account that was Involved | Approximate Amount Involved |
|---|---|---|---|---|
| 2 | 04/9/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $1,000.00 |
| 3 | 04/9/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $200.00 |
| 4 | 04/10/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $1,000.00 |
| 5 | 04/10/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $240.00 |
| 6 | 04/11/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $1,000.00 |
| 7 | 04/11/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $200.00 |
| 8 | 04/12/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $1,000.00 |
| 9 | 04/12/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $240.00 |
| 10 | 04/13/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $1,000.00 |
| 11 | 04/13/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $200.00 |

| 12 | 04/24/2022 | ATM Withdrawal | TD Bank Account in the name of D.E. ending in 5429 | $150.00 |
| 13 | 07/05/2022 | ATM Withdrawal | TD Bank Account in the name of U.S. ending in 9833 | $1,003.00 |
| 14 | 07/07/2022 | ATM Withdrawal | TD Bank Account in the name of U.S. ending in 9833 | $983.00 |

in violation of Title 18, United States Code, Section 1344 (1) and (2).

## COUNT 15
### Use of Unauthorized Access Device
### (18 U.S.C. § 1029(a)(2))

13.     In or about April 2022, in the Southern District of Florida and elsewhere, the defendant,

**CONRAD BRANDON BERNARD,**

did knowingly, and with intent to defraud, use one more unauthorized access devices, that is TD Bank Debit Card number ending in 3854 in the name of D.E., without the consent of D.E., during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT 16
**Possession of Fifteen or More Unauthorized Access Devices**
**(18 U.S.C. § 1029(a)(3))**

14. On or about May 13, 2022, in Broward County, in the Southern District of Florida, the defendant,

**CONRAD BRANDON BERNARD,**

did knowingly, and with intent to defraud, possess fifteen (15) or more counterfeit access devices and unauthorized access devices, that is, names, dates of birth, social security numbers, state driver's license numbers, United States Passport Card Numbers, and bank debit card numbers, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3).

## COUNTS 17 - 23
**Aggravated Identity Theft**
**(18 U.S.C. § 1028A(a)(1))**

15. Paragraphs 3 through 12 and Paragraph 14 within this indictment are re-alleged and incorporated by reference as though fully set forth herein.

16. On or about the dates listed in the table below, in the Southern District of Florida, and elsewhere, the defendant,

**CONRAD BRANDON BERNARD,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344(1) and (2), that is, knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to defraud a financial institution, that is, TD Bank, which scheme and artifice would employ a material falsehood, and to knowingly and with the intent to defraud, execute, and cause the execution of a scheme and artifice to obtain moneys, funds, credits, assets, and other property owned by, and under the custody and control of said financial institution, by means of materially

false and fraudulent pretenses, representations and promises relating to a material fact, in violation of Title 18, United States Code, Section 1344(1) and (2) as charged in Counts 2 through 14, and during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(3), that is, knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, names, dates of birth, social security numbers, state driver's license numbers, credit card numbers, and debit card numbers issued to other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(3) as charged in Count 16, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, as specified in each count below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 17 | 04/24/2022 | TD Bank Card no. ending 3854 in the name of D.E. |
| 18 | 05/13/2022 | Name, Date of Birth, and Social Security Number of U.S. |
| 19 | 05/13/2022 | Name, Date of Birth, and Social Security Number of J.B. |
| 20 | 05/13/2022 | Name, Date of Birth, and Social Security Number of B.S. |
| 21 | 05/13/2022 | Name, Date of Birth, and Social Security Number of C.M. |
| 22 | 05/13/2022 | Name, Date of Birth, and Social Security Number of R.L. |
| 23 | 05/13/2022 | Name, Date of Birth, and Social Security Number of J.C. |

in violation of Title 18, United States Code, Section 1028A(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations of the Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **CONRAD BRANDON BERNARD**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1029, as alleged in this Indictment, the defendant shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (b) any personal property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of Title 18, United States Code, Section 1344, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the provisions of Title 21, United States Code, Section 853.

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1029(c)(1)(C), and 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

BRUCE O. BROWN

for MARKENZY LAPOINTE
UNITED STATES ATTORNEY

DERIC ZACCA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

CONRAD BRANDON BERNARD,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☒ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: English
4. This case will take __7__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                 ☐ Petty
   II   ☒ 6 to 10 days                ☐ Minor
   III  ☐ 11 to 20 days               ☐ Misdemeanor
   IV   ☐ 21 to 60 days               ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Deric Zacca
Assistant United States Attorney
FL Bar No.        151378

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Conrad Brandon Bernard

**Case No**: _____

Count #: 1

Conspiracy to Commit Access Device Fraud, in violation of Title 18, United States Code, Section 1029(b)(2)

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 2 - 14

Bank Fraud, in violation of Title 18, United States Code, Section 1344

* **Max. Term of Imprisonment:** 30 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $1,000,000

Count #: 15

Use of Unauthorized Access Device, in violation of Title 18, United States Code, Section 1029(a)(2)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count #: 16

Possession of Fifteen or More Unauthorized Access Devices, in violation of Title 18, United States Code, Section 1029(a)(3)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 17 - 23

Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1)

* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 2 years, consecutive to any other sentence
* **Max. Supervised Release:** 2 years, consecutive to any other sentence
* **Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**